Scott Allen **BRITTON**, Petitioner— Appellant,

v.

Joseph **LEHMAN**, Secretary of Dept. of Corrections, Olympia, WA, Respondent—Appellee.

No. 02–35988.

D.C. No. CV–01–05052–JLQ.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2004.*

Decided Feb. 19, 2004.

Amy M. Schwering, Esq., Federal Public Defender's Office, Spokane, WA, Nancy D. Tenney, Esq., Federal Public Defender's Office, Seattle, WA, for Petitioner–Appellant.

Donna H. Mullen, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before D.W. NELSON, KLEINFELD, and FISHER, Circuit Judges.

## MEMORANDUM **

Britton does not challenge the procedural bar to his petition, but argues instead that we should overlook it under *Schlup v. Delo.*[1]

*Schlup* allows a habeas court to reach the merits of a petitioner's procedurally barred claim "if he or she demonstrates 'actual innocence.' "[2] To meet this test, the petitioner must introduce new evidence and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[3] Britton's new evidence offered in support of his theory that someone else committed the crimes for which he was convicted neither provides much support for that theory nor does anything to explain the evidence against Britton.[4] At most, his evidence shows that a reasonable juror *could* have had a reasonable doubt about Britton's guilt because of the thin evidence Britton proffered against the victim's former girlfriend. His evidence does

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

2. *Gandarela v. Johnson,* 286 F.3d 1080, 1085 (9th Cir.2002).

3. *Schlup,* 513 U.S. at 327, 115 S.Ct. 851.

4. *See Gandarela,* 286 F.3d at 1086 (rejecting a *Schlup*-gateway argument and noting that the new evidence may have suggested alternative conclusions about what happened, but was not of a type that could explain the evidence against the petitioner).

not show that any reasonable juror *would* have reasonable doubt. Thus, he cannot pass through the *Schlup* gateway.

AFFIRMED.